UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| ROBERT EARL STEWART, | Case No. 2:16-cv-01764-APG-PAL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| WARDEN BURNS, | (Mot. Early Mediation Conf. – ECF No. 16; Mot. for Appoint Counsel – ECF No. 17) |
| Defendants. | |

This matter is before the court on Plaintiff Robert Earl Stewart's ("Stewart") Motion to Setback Early Mediation Conference (ECF No. 16) and Motion for Appointment of Counsel (ECF No. 17). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

### **BACKGROUND**

Stewart was a prisoner in the custody of the Nevada Department of Corrections ("NDOC") when he filed his complaint in April 2017. He has since been released and is no longer incarcerated. This case arises from his allegations, pursuant to 28 U.S.C. § 1983, that defendant Warden Burns violated his civil rights. Stewart is proceeding in this action *pro se*, which means he is not represented by an attorney. *See* LSR 2-1. He has received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1. *See* IFP App. (ECF No. 1); Order (ECF No. 10).

Upon review of the complaint for screening purposes, the court determined that it stated a plausible claim of unlawful imprisonment against Warden Burns based on the miscalculation of his restored good time credits. *See* Apr. 25, 2017 Screening Order (ECF No. 4). The court stayed the case for 90 days to allow the parties an opportunity to settle their dispute through the Inmate Early Mediation Program before the filing of an answer or starting the discovery process. *Id.*; *see*

*also* Order (ECF No. 7) (setting the mediation conference date). However, the parties did not reach a settlement during the mediation and the case was returned to the normal litigation track. *See* Mins. of Proceedings (ECF No. 8).

The court therefore entered an Order (ECF No. 10) on July 26, 2017, directing electronic service of the Complaint on the Nevada Office of the Attorney General ("Attorney General") and instructing that a notice be filed with the court indicating the names of the defendant(s) for whom the Attorney General accepts service, and those it does not. *Id*. If the Attorney General accepted service of process for any named defendant(s), such defendant(s) were instructed to file and serve an answer or other response to the complaint within 60 days.

After the court entered the order directing service, Mr. Stewart filed several motions: Motion for Jury Trial (ECF No. 11), filed August 9, 2017; Motion for Copies (ECF No. 13), filed August 18, 2017; Motion to Setback to Early Mediation Conference (ECF No. 16) and Motion for Appointment of Counsel (ECF No. 17), both filed September 14, 2017. The district judge denied the motion for jury trial as premature to the extent the motion sought a trial date. Order (ECF No. 15). The undersigned magistrate judge denied the motion for copies because a Freedom of Information Act request must be addressed to a government agency having the records requested, and must be filed in accordance with applicable rules and regulations. Order (ECF No. 26).

On August 16, 2017, the Attorney General accepted service on behalf of Defendant Harold Mike Byrne, erroneously sued as Warden Mr. Burns. *See* Notice Acceptance of Service (ECF No. 12). Defendant Byrne timely filed his Answer (ECF No. 18) on September 26, 2017.

The court entered a Scheduling Order (ECF No. 19) on September 26, 2017, directing that discovery shall be completed by December 26, 2017. *Id*. ¶ 3(a). The Scheduling Order also provided deadlines to: (i) amend pleadings or join additional parties, November 24, 2017; (ii) file discovery motions, January 10, 2018; and (iii) file dispositive motions, February 9, 2018. *See id*. ¶¶ 1–2, 5–6.

Currently pending before the district judge are Defendant Byrne's Motion to Dismiss (ECF No. 20) and Motion for Summary Judgment (ECF No. 24).

/ / /

# DISCUSSION

## I. MOTION TO SETBACK EARLY MEDIATION CONFERENCE (ECF NO. 16)

Mr. Stewart's motion asks the court for a settlement. He states that the court "already said [his] civil rights were violated" and ordered the Attorney General to settle. But it did not attempt to do so. He asks that the court award him $2,757 from NDOC. He attaches a copy of the Screening Order (ECF No. 4) and Order (ECF No. 15) denying his motion for jury trial.

Mr. Stewart has misinterpreted the purpose of the Screening Order and referral to the Inmate Early Mediation Program. A federal court is required to screen an IFP plaintiff's complaint before allowing the case to move forward, issuing summonses, and requiring a responsive pleading. 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). The court must conduct a preliminary screening in any case in which a prisoner seeks compensation from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In screening the complaint, the court must identify any colorable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (PLRA)); 28 U.S.C. § 1915A(b).

By finding that Stewart's complaint stated a claim for unlawful imprisonment on which relief may be granted and allowing the case to proceed, the court did **not** find that Stewart's civil rights were violated. Rather, the court found that Mr. Stewart's allegations met the minimum pleading standards to allow his claim to proceed. As the Screening Order pointed out, when the court screens a complaint it must view the complaint allegations in the light most favorable to the plaintiff. ECF No. 4 at 2 (citing *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996)).

Additionally, the referral to the Inmate Early Mediation Program did not require the Attorney General to settle Stewart's claims. The Inmate Early Mediation Program was created in 2009 to assist the court in the management of § 1983 inmate cases, which account for a large number of the civil cases in this district. The program has assisted litigants in resolving a significant percentage of the cases referred to mediation. The program is beneficial to litigants and the court in resolving cases at an early stage and saving all parties the burden of protracted

litigation. However, not all cases are resolved through mediation and those cases are therefore returned to the normal litigation track. More importantly, the court has no authority to require any party to settle. Both sides are entitled to their day in court.

Here, the Screening Order indicated that the 90-day stay and referral to Inmate Early Mediation Program would give the parties "*an opportunity to settle their dispute* before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins." ECF No. 14 at 5:12–14 (emphasis added). Mr. Stewart was advised that "*if the case does not settle*, [he would] be required to pay the full $350.00 filing fee." *Id*. at 6:1–2 (emphasis added). The parties participated in a mediation conference on July 14, 2017, but did not reach a settlement. *See* Mins. of Proceedings (ECF No. 8). No party was required to settle during the mediation conference. The case was properly returned to the normal litigation track.

The motion is therefore denied.

## II. MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 17)

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Pursuant to 28 U.S.C. § 1915(e)(1), the court may ask an attorney to represent an IFP litigant. *Id*. This statute does not require that the court appoint counsel or authorize the court to direct payment for a litigant's attorney's fees, it merely allows the court to request that an attorney represent an indigent litigant on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986). The appointment of counsel is limited to cases presenting exceptional circumstances. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015). In deciding whether to appoint counsel, the court should consider: (1) the likelihood of success of the pro se party's claims on the merits, and (2) the ability of the party to articulate claims pro se in light of the complexity of the legal issues involved. *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015).

Stewart's motion asks the court to appoint counsel because he has received permission to proceed IFP in this case and he asserts that he is unable to afford counsel. He claims the issues

and procedural matters are too complex and beyond his abilities. Because he is incarcerated, he is unable to investigate, take depositions, or discover evidentiary materials on his own.[1] Stewart feels that counsel would be better at presenting arguments before the court as the legal issues in this case are complex. He therefore requests that counsel be appointed.

The court has considered the Motion and finds that Stewart has not established exceptional circumstances justifying the appointment of counsel. Stewart's Complaint states a plausible unlawful imprisonment claim against Warden Burns. Based on the record, the court is unable to assess the likelihood of success of Stewart's claim on its merits. However, the facts alleged and legal issues raised in this case are not especially complex. Since commencing this action, Stewart has submitted multiple motions to the court and discovery requests to the defendant. Thus, he has demonstrated sufficient ability to write and articulate his claims. Furthermore, Stewart is no longer incarcerated. The motion is denied.

The court understands that it is difficult for pro se parties to litigate their claims and almost every pro se party would benefit from representation by counsel. However, the court cannot require counsel to accept representation on a pro bono basis, and the number of attorneys available to accept a pro bono appointment is very small. Stewart should familiarize himself with the Federal Rules of Civil Procedure, the Local Rules of Practice, and relevant case law as much as possible.[2]

Accordingly,

**IT IS ORDERED:** Plaintiff Robert Earl Stewart's Motion to Setback Early Mediation Conference (ECF No. 16) and Motion for Appointment of Counsel (ECF No. 17) are **DENIED**.

Dated this 24th day of May, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[1] Stewart was incarcerated at the time of the filing of this motion. He is no longer incarcerated.

[2] The Federal Rules of Civil Procedure may be accessed on the United States Courts website at: http://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. The Local Rules of Practice may be accessed from this court's website at http://www.nvd.uscourts.gov/.