# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT EARL STEWART, | Case No. 2:16-cv-01764-APG-PAL |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT BYRNE'S MOTION TO DISMISS AND DENYING SUMMARY JUDGMENT MOTION AS MOOT** |
| HAROLD MIKE BYRNE, | |
| Defendants. | (ECF Nos. 20, 24) |

Pro se plaintiff Robert Earl Stewart sues Ely State Prison (ESP) Warden Harold Mike Byrne[1] for unlawful incarceration under 42 U.S.C. § 1983. Byrne moves to dismiss under Federal Rule of Civil Procedure 41(b) because Stewart failed to update his address when he was released from prison and has effectively abandoned his case. Byrne also moves for summary judgment because Stewart did not exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA). Stewart did not respond to either of these motions. Because Stewart has effectively abandoned this case, I dismiss it with prejudice and deny Byrne's summary judgment motion as moot.

**I.  DISCUSSION**

Stewart filed this action in July 2016. He alleges that he was disciplined for "trying to mail out his prison ID card" in 2012. Ninety days of good time credits were taken from him as a result. In 2014, Stewart requested that 90 days of credit be restored and Warden Byrne granted that request. However, ESP credited him back only 60 days, which resulted in Stewart spending 29 days beyond his sentence in prison. He was released in May 2016. Stewart seeks monetary damages for his 29 days of wrongful incarceration.

Before he filed this action, Stewart was reincarcerated and housed at High Desert State Prison. He was released on September 13, 2017. On September 14, 2017, Stewart filed a

---

[1] Stewart erroneously named "Warden Mr. Burns" in his complaint.

"Motion to Set Back Early Mediation Conference." ECF No. 16. In that motion, he crossed out his HDSP address and wrote in a Las Vegas address, but never formally notified Byrne, Byrne's attorney, or the court that he had moved. Byrne sent discovery materials to both addresses Stewart provided, but mail to both was returned undelivered. ECF Nos. 20-3, 20-4.

Discovery closed on December 26, 2017. *See* ECF No. 19. Stewart never responded to Byrne's discovery requests or propounded his own discovery, and has not filed anything in this case in over eight months, despite Byrne's pending motions to dismiss and for summary judgment.

In Byrne's motion to dismiss, he argues that I should dismiss this case because Stewart failed to follow the Local Rules when he did not update his address after being released from prison. Stewart failed to oppose this motion, which is a ground for granting a motion to dismiss under the Local Rules. L.R. 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."). Stewart has also not filed anything in this case since September 2017. When determining whether a case should be dismissed for lack of prosecution or failure to follow the Local Rules, I weigh the same five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The public's interest in expeditiously resolving this litigation and the court's need to manage its docket weigh in favor of dismissal. Stewart has caused unreasonable delay in prosecuting this action by failing to communicate with Byrne's counsel or respond to dispositive motions. Byrne has suffered prejudice based on Stewart's failure to update his address, respond to discovery inquiries, or communicate about this case. Although public policy favors disposition of cases on their merits, this factor is outweighed by the factors in favor of dismissal. And I find that no less drastic sanctions are available given that it appears that the court cannot communicate

with Stewart to issue a warning or a formal reprimand without a proper address, and Stewart has not contacted the court to rectify this defect.[2]

## II. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Howard Mike Byrne's motion to dismiss **(ECF No. 20) is GRANTED**. Defendant Byrne's motion for summary judgment motion **(ECF No. 24) is DENIED** as moot. The clerk of court is directed to amend the caption to show defendant Howard Mike Byrne's correct name and to close this case.

DATED this 1st day of June, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] I am not required to give notice of impending dismissal when, as here, the dismissal follows a noticed Rule 41(b) motion. *In re Eisen*, 31 F.3d 1447, 1455 (9th Cir. 1991) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("[T]here is no warning requirement when a dismissal follows a noticed motion under Rule 41(b).").